UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON J. I.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5430 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

    Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge (ALJ) erred in evaluating his symptom testimony and the medical opinions of Dr. Fisher and Dr. Akmal. Dkt. 13. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

    This is the second time Plaintiff seeks judicial review of his 2016 applications. In October 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 12–35. Plaintiff sought review in this Court and in May 2021, the Court reversed the ALJ's decision and remanded for further proceedings. AR 1113–20. The Court instructed the ALJ to reevaluate the

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 1

medical opinions of Dr. Fisher and Dr. Akmal, reassess Plaintiff's residual functional capacity (RFC), and proceed to step five as necessary. AR 1120.

On remand, the ALJ conducted a new hearing. AR 1038–74. On April 13, 2022, the ALJ issued a decision again finding Plaintiff not disabled. AR 1010–37. Plaintiff now seeks judicial review of the ALJ's April 2022 decision.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1. **Plaintiff's Testimony**

Plaintiff testified that since the 2018 hearing, his pain and fatigue have worsened, and it is harder for him to sit and stand for any period of time. AR 1055. Plaintiff explained he has permanent numbness in his feet that makes it difficult for him to walk. AR 1056. Plaintiff testified he teleworks, usually from his bed, and that because of his fatigue, he needs to take one to two naps a day, with each nap lasting an hour. AR 1058–61. Plaintiff testified it is hard for him to focus and concentrate. AR 1061. Plaintiff stated that within a given week, he cannot work for three to four days because of his physical and mental conditions. AR 1061–62.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first rejected Plaintiff's testimony regarding his physical symptoms because it was inconsistent with his activities. AR 1021–22. In its 2018 decision, the ALJ made a similar finding, which this Court affirmed. *See* AR 1115–16. The Court reversed the ALJ's 2018 decision in May 2021 for further administrative proceedings, specifically for the ALJ's errors in evaluating medical opinion evidence, not in the ALJ's rejection of Plaintiff's testimony regarding his physical symptoms. *See* AR 1120.

The law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 82 F.3d 563, 567 (9th Cir. 2016). The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). In the Social Security context, prior findings by an ALJ "should not be reconsidered under the law of the case doctrine." *Id.* "Application of the doctrine is discretionary." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). Thus, even if the doctrine applies, a court may exercise its discretion to depart from it because of exceptions that arise "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567 (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)).

Plaintiff's testimony regarding his physical symptoms has not substantially changed since

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 3

the first hearing, where Plaintiff similarly testified that his pain and fatigue require him to lay in bed most of the time and that he has difficulties with focusing and concentrating.  *See* AR 87–96.  As the evidence on remand is not "substantially different," and no other exception applies, the Court finds it appropriate to apply the law of the case doctrine.  *See Stacy*, 825 F.3d at 567.  Accordingly, the Court will not consider Plaintiff's argument regarding this portion of his testimony and declines to revisit an issue this Court has already decided.

The Court will, however, address the ALJ's reasoning in rejecting Plaintiff's testimony regarding his difficulties with focusing and concentrating, as it was not previously addressed.  Here, the ALJ found this portion of Plaintiff's testimony inconsistent with the record.  AR 1024–25.  The evidence the ALJ relied on includes a mental evaluation where Plaintiff's memory was found generally intact and where he was observed to have no apparent difficulty with concentrating.  AR 662–63.  The ALJ also pointed to a significant amount of treatment notes throughout the record showing Plaintiff's linear thought process, intact memory, and normal concentration.  *See* AR 477, 750, 760, 768, 1477, 1556, 1938, 2074–78, 2080, 2082, 2084, 2086.  Such findings undermine Plaintiff's testimony, therefore in rejecting this portion of Plaintiff's testimony the ALJ did not err.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.")

The ALJ provided other reasons to reject Plaintiff's allegations as to the severity of his symptoms, but because the ALJ already provided valid reasons to do so and those reasons are substantiated by the record, the Court need not assess the other reasons proffered by the ALJ.  Even if those reasons were erroneous, the errors would be deemed harmless.  *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 4

credibility is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Medical Opinion Evidence

Plaintiff contends the ALJ erred in rejecting the medical opinions of (1) Dr. Fisher and (2) Dr. Akmal. Dkt. 13 at 9–12.

Under the rules applicable to this case, the ALJ may only reject the uncontradicted opinions of a treating or examining physician by providing "'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If the treating or examining doctor's opinions are contradicted, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### a. Dr. Fisher

Dr. Fisher completed a questionnaire prepared by Plaintiff's counsel in 2018, and opined that due to Plaintiff's Cushing's disease, fibromyalgia, or a combination of these two conditions, Plaintiff would be off-task for greater than 30 minutes, can only stand and/or walk for less than two hours, can sit upright for two to four hours, and would need to recline for four to six hours in an eight-hour workday. AR 937–38. Dr. Fisher also opined Plaintiff would be absent three or more days per month even from sedentary work and could not tolerate continuous deskwork. *Id*.

Dr. Fisher completed another questionnaire in September 2021, and opined that due to Plaintiff's condition, Plaintiff would remain off-task for more than 30 minutes. AR 1453. Dr. Fisher opined that due to Plaintiff's lumbar radiculopathy, he can stand and/or walk for two to four hours, and that due to Plaintiff's lumbar radiculopathy and fibromyalgia, Plaintiff can sit

upright for two to four hours, and Plaintiff would need to recline for two to four hours. *Id*. Dr. Fisher again opined Plaintiff would be absent for three or more days per month even if performing sedentary work. AR 1454–55.

The ALJ first rejected both opinions because Dr. Fisher provided them in a checkbox format without citations to supporting objective evidence. AR 1026. The ALJ correctly observed the questionnaires do not contain supporting medical findings or explanations, but because Dr. Fisher is one of Plaintiff's treating physicians, the record nonetheless contains several of her treatment notes which could amply support the opinions she expressed in the questionnaires. *See* AR 466–67, 472–73, 477–78. Thus, in rejecting Dr. Fisher's opinions for this reason, the ALJ erred. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding it error when an ALJ rejects a medical opinion expressed in a check box because the medical opinion "were based on significant experience" with the claimant and "supported by numerous records").

The ALJ also rejected Dr. Fisher's opinions because they were inconsistent with her clinical observations of improvement from physical therapy. AR 1026. An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, the records the ALJ cited were not those of Dr. Fisher's, and the ALJ's finding that the records show improvement was not supported by substantial evidence because they show Plaintiff remained moderately limited in his physical abilities. *See* AR 740, 863, 932, 935, 1373.

The ALJ further rejected Dr. Fisher's opinions because they were inconsistent with the other medical evidence in Plaintiff's record, which show he was in no acute distress and normal physical findings. AR 1026. An ALJ may reasonably reject a doctor's opinions when they are

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 6

inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record). But the ALJ fails to explain how Plaintiff's acute presentation necessarily undermines Dr. Fisher's proposed physical limitations in sitting, standing, and walking. The ALJ's references to Plaintiff's physical examination findings also fail to substantiate the ALJ's reasoning as the findings portray conflicting reports about Plaintiff's physical condition. For example, while they show Plaintiff's gait was normal and that he had the ability to move all his extremities, they also include reports of decreased range of motion, joint and back pain, muscle aches, and general fatigue. *See* AR 477–78, 487, 640, 648–49, 655, 671, 751–52, 764, 768, 782–85, 786, 789, 792, 1363, 1477, 1921.

Plaintiff's reports of pain and fatigue are particularly important for the ALJ to consider in light of Plaintiff's fibromyalgia, which the Ninth Circuit has held as a condition that is evaluated "entirely on the basis of patients' reports of pain and other symptoms." *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). The Ninth Circuit has also held that an ALJ errs when relying on a claimant's "normal muscle strength, tone, and stability, as well as a normal range of motion" to reject a medical opinion. *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017) (quoting Social Security Ruling 12-2P). Thus, in rejecting Dr. Fisher's opinions based on their inconsistency with the medical evidence, the ALJ erred.

Finally, the ALJ rejected Dr. Fisher's opinion regarding Plaintiff being off-task, his absenteeism, and his need to take unscheduled breaks because there were no objective signs to support these opinions. AR 1026. But Dr. Fisher made these findings based on Plaintiff's pain and fatigue, and in part due to his fibromyalgia. *See* AR 938, 1455. As just explained, the ALJ

cannot simply rely on objective findings and must also look to Plaintiff's reports of pain and other symptoms, given Plaintiff's fibromyalgia. As also explained above, Plaintiff's record includes several of those reports, which the ALJ erroneously disregarded. The Court, therefore, cannot say the ALJ reasonably rejected Dr. Fisher's opinions.

### b.     Dr. Akmal

Dr. Akmal completed two questionnaires prepared by Plaintiff's counsel in 2018 and 2021, and opined that due to Plaintiff's diabetes, adrenal insufficiency, and hormone issues, Plaintiff has periods of extreme fatigue and lightheadedness. AR 939, 1856. Dr. Akmal opined these conditions result in daytime napping from two to four hours, and Plaintiff would be absent for three or more days per month even if performing sedentary work. AR 940, 1857.

The ALJ first rejected both opinions because Dr. Akmal provided them in a check-box format and they lacked objective evidence. AR 1026. Similar to the ALJ's treatment of Dr. Fisher's opinions, the ALJ failed to account and consider Dr. Akmal's treatment notes throughout Plaintiff's record that could have been the bases for Dr. Akmal's opinions. *See* AR 786–87, 790, 795–96. Thus, in rejecting Dr. Akmal's opinions based on a lack of supporting evidence, the ALJ erred. *See Garrison*, 759 F.3d at 1013.

The ALJ also rejected Dr. Akmal's opinions because they were inconsistent with Dr. Akmal's observations of Plaintiff's bright effect and improved energy level. AR 1027. Yet the evidence the ALJ relied on also show Plaintiff was positive for fatigue, myalgias, nausea, weakness, and low blood pressure. AR 786, 789–95. Given that Dr. Akmal's opinions were based on these same conditions, the ALJ could not reasonably reject Dr. Akmal's opinions for their inconsistency with his own findings.

The ALJ similarly erred in rejecting Dr. Akmal's opinions based on their inconsistencies

with the rest of Plaintiff's medical record. AR 1027. As stated above, an ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson*, 359 F.3d at 1195. Here, the ALJ pointed to evidence showing Plaintiff often alert and oriented with normal and linear thought process and good attention. *Id*. The ALJ also found no objective signs supporting Dr. Akmal's opinion regarding Plaintiff's absenteeism and need to take two to four-hour long naps. *Id*. Yet, as Plaintiff points out, his record contains numerous treatment records showing Plaintiff was often found fatigued and somnolent. *See* AR 1309, 1332, 1352, 1379, 1383, 1398, 1441, 1443, 1448, 1939, 2006, 2009, 2010, 2015, 2036, 2039, 2045, 2057, 2069. The ALJ did not touch upon these records, which are more consistent with, rather than contradictory to, Dr. Akmal's opinions, thus the Court cannot say the ALJ reasonably rejected Dr. Akmal's opinions based on their inconsistency with the rest of Plaintiff's record.

In sum, because the ALJ failed to provide at least one valid reason, supported by substantial evidence, to reject the medical opinions of Dr. Fisher and Dr. Akmal, the ALJ erred.

### 3. Scope of Remand

Plaintiff suggests this case should be remanded for an award of benefits. Dkt. 13 at 12. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995,1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of

disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Conflicts in the evidence remain that the ALJ must resolve, such as the differences between the medical opinions of Dr. Fisher (AR 937–38, 1453–55) and Dr. Akmal (AR 939–40, 1856–57), and the opinions of Dr. Hander (AR 146–48, 160–62) and Dr. Platter (AR 178–80, 194–96) regarding Plaintiff's work exertional level.  Accordingly, the appropriate remedy here is to remand this matter for further administrative proceedings.  *Dominguez v. Colvin*, 808 F.3d 403, 410 (9th Cir. 2015) ("In light of the inconsistencies, conflicts, and gaps in the record that require further administrative proceedings, [the Court] does not proceed to [the credit-as-true analysis].").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE